Maude PARKER, Plaintiff,

v.

John T. MEWBORN, et al., Defendants.

No. 80–419–Civ–5.

United States District Court,
E. D. North Carolina,
Raleigh Division.

Oct. 22, 1981.

Albert A. Corbett, Corbett & Corbett, Smithfield, N. C., for plaintiff.

Abraham Penn Jones, Asst. U. S. Atty., Raleigh, N. C., for defendants.

## ORDER

DUPREE, Chief Judge.

This action is brought pursuant to 7 U.S.C. § 1365 for review of the decision of the Johnston County Agricultural Stabilization and Conservation Service (ASCS) Review Committee altering plaintiff's tobacco acreage and poundage allotment for the year 1979 and subsequent years. This court's review is limited to ascertaining whether the findings of fact made by the Review Committee are supported "by evidence" and whether the Committee's conclusions are "in accordance with law." 7 U.S.C. § 1366. The action is before the court on both plaintiff's motion for summary judgment and defendants' motion for judgment on the pleadings.

Plaintiff owns two adjacent farms on which tobacco is grown in accordance with the allotment program. For the 1975 season, plaintiff leased these two farms to Charles Allen, who had also leased other farms from different landowners. After complaints from other farmers and an ensuing investigation, the ASCS Review Committee determined that Allen overproduced, falsely identified and marketed tobacco. The ASCS further determined that Allen had mingled tobacco from the various farms, with the result that it could not be accurately determined how much tobacco was in fact produced on the various farms he had leased. For this reason, the Committee measured the size of the fields and estimated the tobacco produced, concluding that Allen overproduced by 11,846 pounds

on the two farms leased from plaintiff. This determination was made pursuant to 7 C.F.R. § 725.98(g), which provides that "[i]f the actual quantity [of tobacco] is not known, . . . the quantity [shall be determined] by taking into consideration the condition of the crop during production, if known, and such other information as is available."

A careful review of the administrative record, including the transcript of the hearing held by the Review Committee, clearly reveals that the overproduction determination was supported by substantial evidence. In contrast to the careful measurements and calculations by the ASCS, plaintiff put on no evidence concerning the amount of tobacco produced.[1]

Plaintiff contends that the ASCS is authorized to reduce or correct an allotment only for the "next year" after the year of overproduction. Plaintiff further contends that she may not be "penalized" for the violations of her lessee because she had no participation whatsoever in the violation. These contentions are without merit. Plaintiff was not penalized by a "reduction" in her allotment, but rather suffered a "correction" in her allotment as required by the statute and regulations any time there is undermarketing or overmarketing. *See* 7 U.S.C. § 1314c and 7 C.F.R. § 725.98(g). Mr. Allen himself apparently suffered a civil monetary penalty. *See* Hearing Transcript at 64–65. The statute requires that the allotment be adjusted following overproduction, regardless of who was responsible for the overproduction. *See Davis v. Stewart*, 625 F.2d 1143, 1146 (4th Cir. 1980). Nothing in the statute or regulations prevents the ASCS from correcting farm records whenever a violation has been discovered. *See* 7 C.F.R. § 725.98(n).

Because the Committee's findings are supported by substantial evidence and its conclusions are in accordance with law, defendants' motion for judgment on the pleadings is granted, and the action is dismissed.

So ordered.

---

1. Plaintiff complains of the fact that defendants did not measure the field acreage until after the tobacco was harvested. Measurement prior to harvest is only required "insofar as practica-ble." 7 U.S.C. § 1374. Here, the possible overproduction was not reported to the ASCS until the tobacco was marketed. This objection is without merit.